# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**AZAD KABIR, M.D.**                                                          **PLAINTIFF**

v.                                                    CAUSE NO. 1:19cv412-LG-RHW

**SINGING RIVER HEALTH
SYSTEMS and RANDY
ROTH, M.D., in his
individual capacity**                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

**BEFORE THE COURT** is the [3] Motion to Dismiss filed by the defendants, Singing River Health System ("SRHS") and Randy Roth, M.D., in this employment discrimination, Equal Protection, and First Amendment retaliation case. The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendants' Motion to Dismiss should be granted in part and denied in part as set forth below.

## BACKGROUND

The plaintiff, Dr. Azad Kabir, began working as a hospitalist at SRHS on October 1, 2017. On multiple occasions, Dr. Kabir complained to his superiors about alleged discriminatory scheduling practices. SRHS terminated Dr. Kabir on approximately July 20, 2018. In the months following, Dr. Kabir submitted a civil rights complaint against SRHS to the United States Attorney's Office for the Southern District of Mississippi, filed a charge of discrimination against SRHS with

the Equal Employment Opportunity Commission ("EEOC"), and submitted complaints to the Office of Quality and Patient Safety and the Office of the Inspector General. On January 3, 2019, SRHS filed a lawsuit against Dr. Kabir, alleging that these complaints constituted defamation. Dr. Kabir filed a second charge of discrimination with the EEOC on April 2, 2019.

After receiving a dismissal and notice of rights from the EEOC as to both charges, Dr. Kabir filed this lawsuit against SRHS and its Chief Medical Officer, Dr. Randy Roth. Dr. Kabir attempts to file a Title VII discrimination claim against SRHS, based on national origin, ethnic, and/or religious discrimination. Dr. Kabir also attempts to file a Title VII retaliation claim against SRHS. In support of this claim, Dr. Kabir alleges that SRHS subjected him to adverse working conditions, terminated his employment, and subjected him to a baseless lawsuit. In addition, Dr. Kabir attempts to allege a claim against Dr. Roth for denial of equal protection in violation of the Fourteenth Amendment of the United States Constitution. Finally, Dr. Kabir files a purported claim against Dr. Roth for First Amendment retaliation, again citing adverse working conditions, his termination, and the defamation lawsuit. SRHS and Dr. Roth filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## I. DR. KABIR'S TITLE VII DISCRIMINATION CLAIM

SRHS argues that Dr. Kabir's Title VII discrimination claim should be dismissed for failure to exhaust administrative remedies before filing this lawsuit, because the charges of discrimination Dr. Kabir provided to the EEOC did not contain sufficient facts.

"[A] primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in an attempt to achieve non-judicial resolution of employment discrimination claims." *Davis v. Fort Bend Cty.*, 893 F.3d 300, 303 (5th Cir. 2018). "By exhausting their administrative remedies by filing formal charges with the EEOC, Title VII plaintiffs initiate this process." *Id.* Exhaustion is not a jurisdictional requirement but a "prudential prerequisite" to the filing of a lawsuit. *Id.* at 306, 308.

An EEOC charge must contain "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3). "[A] charge is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). The Fifth Circuit has explained:

> Two dueling principles govern our determination of whether [the plaintiff] exhausted [his] administrative remedies: (1) [c]onsistent with the remedial purposes underlying Title VII, we construe employment discrimination charges with the utmost liberality, bearing in mind that such charges are generally prepared by laymen untutored in the rules of pleading, and (2) the charge must contain an adequate factual basis so that it puts the employer on notice of the existence and nature of the charges and so the EEOC may have an opportunity to attempt to obtain voluntary compliance.

*Preston v. Tex. Dep't of Family & Protective Servs.*, 222 F. App'x 353, 356-57 (5th Cir. 2007) (internal quotation marks omitted).

Dr. Kabir's October 2018 charge contains the following facts:

> On or about October 1, 2016, I was hired as a Physician. I was discriminated against because of my race and religion. I am Asian and Muslim.
>
> On or about July 20, 2018, I was notified my contract would not be renewed[,] and I was instructed to leave the hospital.
>
> I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Def.'s Mot. Ex. 1, ECF No. 3-1.)

In his Amended Complaint, Dr. Kabir discussed multiple instances in which SRHS allegedly enacted discriminatory and retaliatory scheduling practices, but he has clarified in his response to Defendants' Motion that his Title VII discrimination claim is solely based on his termination, not the scheduling issues. Dr. Kabir generally described his termination in his EEOC charge. Although the information in Dr. Kabir's charge is sparse, he provided sufficient facts for the EEOC to institute an investigation and to provide notice to SRHS.

SRHS also argues that Dr. Kabir did not exhaust his administrative remedies as to his national origin discrimination claim because, in his EEOC charge, Dr. Kabir stated that he was discriminated against based on his race (Asian), but in his Amended Complaint, Dr. Kabir states that he was discriminated against based on his national origin (Indian). The Fifth Circuit has held that a Kenyan plaintiff's race discrimination claim was not exhausted where the plaintiff filed an EEOC charge that mentioned only national origin and retaliation. *Kebiro v. Walmart*, 193 F. App'x 365, 367 (5th Cir. 2006). This Court has also held that a plaintiff did not exhaust her administrative remedies as to her national origin discrimination claim by filing an EEOC charge alleging only race and age discrimination. *See Zhan v. Univ. of Miss. Medical Ctr.*, No. 3:14cv777-CWR-FKB, 2015 WL 6511560, at *2 (S.D. Miss. Oct. 28, 2015). "[U]nder Title VII, allegations of race discrimination may be wholly unrelated to a claimant's country of origin." *Sisay v. Greyhound Lines, Inc.*, 34 F. Supp. 2d 59, 64 (D.D.C. 1998).

Therefore, allegations of race discrimination "do not properly put defendants on notice to investigate possible discrimination based on national origin." *Id.* Dr. Kabir's national origin discrimination claim must be dismissed for failure to exhaust administrative remedies. His Title VII religious discrimination claim shall remain pending, because Dr. Kabir included religious discrimination in his EEOC charge.

## II. DR. KABIR'S TITLE VII RETALIATION CLAIM
### A. TITLE VII RETALIATION CLAIM BASED ON TERMINATION

In his Amended Complaint, Dr. Kabir alleges that his termination constituted retaliation in violation for Title VII. Dr. Kabir's October 18, 2018 EEOC charge discussed his termination but made no reference to retaliation. Dr. Kabir's April 2, 2019 EEOC charge did not allege that his termination constituted retaliation; rather, he alleged that SRHS sued him in retaliation for the filing of his EEOC charge. Neither charge included facts from which a retaliation investigation could arise concerning Dr. Kabir's termination. *See Pacheco*, 448 F.3d at 789 (explaining that courts "interpret[ ] what is properly embraced in review of a Title VII claim . . . by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'") Dr. Kabir does not dispute this in his Response to the Motion to Dismiss filed by SRHS. As a result, Dr. Kabir's Title VII claim is dismissed for failure to exhaust administrative remedies to the extent that he is alleging that his termination constituted retaliation.

### B. TITLE VII RETALIATION CLAIM BASED ON DEFAMATION LAWSUIT

Dr. Kabir also claims that SRHS retaliated against him by filing a defamation lawsuit. SRHS argues that this claim must be dismissed, because the defamation lawsuit was filed after Dr. Kabir's termination.

Title VII provides:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3. The term "employees" in the statute includes former employees. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997). Citing *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 705 (5th Cir. 1997), SRHS argues that only "ultimate employment decisions" can form the basis of a retaliation claim. However, *Mattern* was abrogated by the United States Supreme Court in *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 60-68 (2006). The *Burlington* Court further held that "[t]he scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." *Burlington*, 548 U.S. at 67. Post-*Burlington*, "[t]he key question is whether the challenged action is 'materially adverse' in that it is 'harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 945 (5th Cir. 2015). Dr. Kabir claims that SRHS sued him for defamation as a result of his EEOC charge. The Court finds that Dr. Kabir has, therefore, stated a plausible claim for Title VII retaliation. The Motion to Dismiss is denied with respect to this claim.

## III. EQUAL PROTECTION

The Amended Complaint alleges, "The Defendant Roth violated Dr. Kabir's Fourteenth Amendment right to Equal Protection by intentionally discriminating against Dr. Kabir on the basis of his national origin, ethnicity, and/or religion by subjecting him to different and inferior terms and conditions of employment and by

terminating his employment." (Am. Compl. 10, ECF No. 2.) Dr. Kabir states that Dr. Roth violated his right to equal protection by subjecting him "to materially inferior terms and conditions of employment and to terminate [sic] his employment." (Am. Compl. 10, ECF No. 2.) Dr. Roth argues that Dr. Kabir's Equal Protection claim should be dismissed, because Dr. Kabir is not pursuing the claim through 42 U.S.C. § 1983, and Dr. Kabir did not plead that Dr. Roth discriminated against him while acting under color of state law. Dr. Roth also asserts that § 1983 cannot be used to enforce the terms of Title VII. In the alternative, Dr. Roth invokes the doctrine of qualified immunity.

### A. WHETHER TITLE VII PROVIDES THE EXCLUSIVE REMEDY

The Fourteenth Amendment's Equal Protection Clause forbids a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. "Title VII is the exclusive remedy for a violation of its own terms, [but] when a public employer's conduct violates both Title VII and a separate constitutional or statutory right, the injured employee may pursue a remedy under § 1983 as well as under Title VII." *Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 549 (5th Cir. 1997).

> Although Title VII supplements and overlaps § 1983, it remains an exclusive remedy when a state or local employer violates only Title VII. When, however, unlawful employment practices encroach, not only on rights created by Title VII, but also on rights that are independent of Title VII, Title VII ceases to be exclusive. At this point, § 1983 and Title VII overlap, providing supplemental remedies.

*Id.* (quoting *Johnston v. Harris Cty. Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989)). Dr. Kabir's Equal Protection claim is based on Constitutional rights

-8-

that are independent of Title VII; therefore, Dr. Kabir's equal protection claim is not subject to dismissal on this basis. *See, e.g., Hervey v. City of Little Rock*, 787 F.2d 1223, 1233 (8th Cir. 1986) (permitting a plaintiff whose Title VII claim was time-barred to pursue an Equal Protection claim for employment discrimination); *Hamilton v. District of Columbia*, 720 F. Supp. 2d 102, 111 (D.D.C. 2010) (collecting cases permitting plaintiffs to file an employment discrimination claim under § 1983).

## B. WHETHER HEIGHTENED PLEADING STANDARDS APPLY

Section 1983 provides that any person who, under color of state law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ." 42 U.S.C. § 1983. "Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates." *Johnston*, 869 F.2d at 1573-74. "Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983." *Id.* "[W]hen a complaint contains sufficient 'factual allegations,' a court should not grant a motion to dismiss 'for imperfect statement of the legal theory supporting the claim asserted." *Groden v. City of Dallas, Tex.*, 826 F.3d 280, 284 (5th Cir. 2016) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014)). "In particular, no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim." *Johnson*, 574 U.S. at 11. Nevertheless, Dr. Kabir stated that his constitutional claims were being pursued pursuant to §

1983 on the first page of his Amended Complaint. Therefore, Dr. Roth's claim that Dr. Kabir is not pursuing his claim through § 1983 is not well taken.

### C. WHETHER DR. KABIR HAS PLEADED SUFFICIENT FACTS

A § 1983 plaintiff may plead an Equal Protection Clause violation by alleging that a state actor intentionally discriminated against him because of his membership in a protected class. *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). A plaintiff "must allege facts demonstrating that (1) the defendant violated the Constitution or federal law and (2) that the defendant was acting under color of state law while doing so. *Wilson v. Dallas Cty. Hosp. Dist.*, 715 F. App'x 319, 323 (5th Cir. 2017).

In his Amended Complaint, Dr. Kabir asserts that SRHS is a public hospital, and he alleges that Dr. Roth is the Chief Medical Officer of SRHS and a member of its board of directors. "[T]here is no dispute that operation of a public hospital is state action." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1150 (9th Cir. 2011) (citing *Woodbury v. McKinnon*, 447 F.2d 839, 842 (5th Cir. 1971)). Dr. Kabir further alleges that Dr. Roth had final policymaking authority over the employment of physicians and describes actions allegedly taken by Dr. Roth in this capacity that allegedly violated Dr. Kabir's constitutional rights. While Dr. Kabir's Equal Protection claim was not perfectly pled, the Court finds that Dr. Kabir included sufficient facts to support a plausible claim pursuant to Fed. R. Civ. P. 12(b)(6). Therefore, Dr. Kabir's Equal Protection claim is not subject to dismissal on this basis.

### D. QUALIFIED IMMUNITY

Dr. Roth has not demonstrated that he is entitled to qualified immunity because all the arguments in his Motion and Memorandum concern a due process claim, not an equal protection claim. As a result, Dr. Roth's qualified immunity arguments are not well taken at this time.

## IV. FIRST AMENDMENT RETALIATION

Dr. Kabir alleges that Dr. Roth violated his First Amendment right to freedom of speech by filing a defamation lawsuit against him.[1] Dr. Kabir alleges that he filed complaints with various governmental agencies against Dr. Roth and SRHS and that he was speaking on matters of public concern, including patient safety and civil rights violations. As a result, Dr. Roth's arguments for dismissal of Dr. Kabir's First Amendment retaliation claim must be rejected at this time.

### CONCLUSION

Dr. Kabir's Title VII claim for national origin discrimination is dismissed for failure to exhaust administrative remedies. The remainder of Dr. Kabir's claims withstand the defendants' Fed. R. Civ. P. 12(b)(6) challenge.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [3] Motion to Dismiss filed by the defendants, Singing River Health System and Randy Roth, M.D., is **GRANTED** as to Dr. Kabir's Title VII national origin discrimination claim, Title VII claims concerning discriminatory scheduling, and Title VII retaliation

---

[1] Dr. Kabir concedes that other alleged First Amendment retaliation mentioned in his Amended Complaint, such as his termination and scheduling issues, does not support a claim for First Amendment retaliation.

claim concerning termination.  The defendants' Motion is **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 9th day of December, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE